Marc S. Schechter, Bar No. 116190
Paul D. Woodard, Bar No. 282470
BUTTERFIELD SCHECHTER LLP
10021 Willow Creek Road, Suite 200
San Diego, California  92131-1603
(858)444-2300/FAX (858)444-2345
mschechter@bsllp.com
pwoodard@bsllp.com

Attorneys for Plaintiff DESERT MEDICAL IMAGING, INDIO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DESERT MEDICAL IMAGING, INDIO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VMG HEALTH, LLC, a Texas limited liability company,<br><br>Defendant. | CASE NO.  5:17-cv-01835-JGB-SHKx<br><br><u>Assigned For All Purposes To:</u><br>Judge:  Jesus G. Bernal<br><br>POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT VMG HEALTH, LLC'S FIRM OF RECORD GORDON REES SCULLY MANSUKHANI, LLP<br><br>Date: _February 12, 2018<br>Time: 9:00 a.m.<br>Dept: Courtroom 1<br><br>Complaint Filed:   September 8, 2017<br>Trial Date:          None set |

Plaintiff Desert Medical Imaging, Indio, LLC (referred to herein as "Plaintiff" or "DMI INDIO") submits these Points and Authorities in Support of Plaintiff's Motion to Disqualify Defendant VMG Health, LLC's (referred to herein as "VMG" or "Defendant") Counsel of Record.

**I.**

**INTRODUCTION**

Susan Meter, a current attorney at the firm Gordon & Rees Scully

{00340269.DOCX}

1

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

Mansukhani, LLP ("Gordon & Rees"), represented Plaintiff while an associate attorney at the firm Butterfield Schechter LLP. Based on Ms. Meter's prior representation of Plaintiff, the entire law firm of Gordon & Rees should be disqualified from the case because one of its attorneys previously represented Plaintiff in a matter substantially related to the present action.

## II.
## FACTUAL BACKGROUND

### A.   DMI INDIO's Corporate Structure

Desert Medical Imaging, LLC ("DMI LLC"), opened its first medical imaging center in September of 1998 in Indian Wells, California. Declaration Marc Schechter ¶ 9. DMI LLC is the majority owner of DMI INDIO. Decl. Schechter ¶ 10. DMI INDIO began its operation in Indio, California, in 2003. Decl. Schechter ¶ 11.

### B.   Work Performed by Susan Meter

Susan Meter worked as a law clerk, an associate attorney, and then senior associate at Butterfield Schechter LLP from 2002 to 2013. Decl. Schechter ¶ 5. Beginning in 2004, Ms. Meter performed over 50 hours of work for DMI LLC and DMI INDIO on business-related matters, including drafting DMI INDIO's Operating Agreement, a critical document in the present litigation matter, as well as representing DMI LLC and DMI INDIO in a completely unrelated lawsuit in 2009. Decl. Schechter ¶ 6.

Sometime after 2013, Ms. Meter joined Gordon & Rees, taking with her confidential information concerning DMI INDIO relating to this matter. Decl. Schechter ¶ 8, Exhibit A.

## III.
## LEGAL ARGUMENT

### A.   Standard for Disqualification

Motions to disqualify are decided under state law. *Cty. of L.A. v. U.S. Dist.*

{00340269.DOCX}

2

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG   Case No. 5:17-cv-01835-JGB-
Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP   SHKx

*Court* (*In re County of L.A.*), 223 F.3d 990, 995 (9th Cir. 2000). The decision to disqualify counsel for conflict of interest is within the trial court's discretion. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). California Rules of Professional Conduct bar an attorney from representing a client with interests adverse to those of a former client. Rule 3-310(E) of the Rules of Professional Conduct states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

On hearing a motion to disqualify an attorney from representing a party adverse to a former client, the issue of possible prejudice to the adverse party is irrelevant. *Earl Scheib, Inc. v. Superior Court of L.A. County*, 253 Cal. App. 2d 703, 709 (1967).

**B.   The California Supreme Court Prohibits Attorneys from Accepting Representation Adverse to a Former Client Where There Is a Substantial Relationship Between the Prior and Current Matters**

In 1980, the Ninth Circuit adopted the "substantial relationship" test to address motions to disqualify attorneys in successive representation. *Trone v. Westgate-California Corp.*, 621 F.2d 994, 998 (9th Cir. 1980). In order to protect the client's interest in the professional relationship, the Ninth Circuit held that district courts should disqualify attorneys if the attorneys' current representation is substantially related to prior representation of the former client:

> These objectives require a rule that prevents attorneys from accepting representation adverse to a former client if the later case bears a substantial connection to the earlier one. [Citation] Substantiality is present if the factual contexts of the two representations are similar or related.

*Id.* at 998; *see also id.* at 1000 ("substantial relationship test does not require that the issues in the two representations be identical").

3

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

The California Supreme Court explained that a substantial relationship will be found if (1) an attorney had a direct, professional relationship with a former client where the attorney personally provided legal advice and services, and (2) the prior matter is closely related to the later representation:

> To determine whether there is a substantial relationship between successive representations, a court must first determine whether the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation. *Jessen v. Hartford Casualty Ins. Co.*, 111 Cal.App.4th 698, 710-711 (2003). If the former representation involved such a direct relationship with the client, the former client need not prove that the attorney possesses actual confidential information (*Id.* at p. 709.) Instead, the attorney is presumed to possess confidential information if the subject of the prior representation put the attorney in a position in which confidences material to the current representation would normally have been imparted to counsel. . . . When a substantial relationship between the two representations is established, the attorney is automatically disqualified from representing the second client.

*City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006).

The *Jessen* court also emphasized that the substantial relationship test does not involve weighing the value of the client's confidential information - the attorney is disqualified if there is a substantial relationship between the past and present matters:

> [W]hen the substantial relationship of the matter is established, the inquiry ends and the disqualification should be ordered. If it were otherwise, a weighing process would be inevitable. The rights of the former client would be lined up against those of the new client, perhaps to the detriment of both. The purpose of the substantial relationship test is to avoid such an inquiry.

*Jessen,* 111 Cal.App.4th at 706 (quoting *River W., Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1304 (1987)). The *Jessen* court, like the *Trone* court, explicitly recognized that the substantial relationship test imposed only a "low threshold of

{00340269.DOCX}

4

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

proof upon the aggrieved client" which might result in "some overinclusion" of disqualified attorneys. *Id.* at 707, 714. The court stated that this overinclusion is "a necessary byproduct of the paramount solicitude for the maintenance of the public's trust in the fairness of the justice system and in the integrity of the bar[.]" *Id.* at 714.

In applying the substantial relationship test, "courts focus less on the meaning of the words 'substantial' and 'relationship' and look instead at the practical consequences of the attorney's representation of the former client." *Adams v. Aerojet-Gen. Corp.*, 86 Cal. App. 4th 1324, 1332 (2001). The inquiry is whether "confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation." *Id.* The test is intended to protect the confidences of the former client where an attorney has been in a position to learn them. *Id.*

California law cautions against "limiting the comparison of the two representations to their precise legal and factual issues [because it] might operate unrealistically to the detriment of the first client." *Jessen,* 111 Cal.App.4th at 712. Indeed, "the facts of cases are never entirely alike, and no cases would ever be 'substantially similar'" if courts took a narrow view of this standard. *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal. App. 4th 223, 234 (1999). For these reasons:

> [S]uccessive representations will be 'substantially related' when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues.

*Jessen*, 111 Cal. App. 4th at 713.

Factors courts should consider in applying the substantial relationship test are (1) factual and legal similarities between the former and current

{00340269.DOCX}

5

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

representations; and (2) the nature and extent of the attorney's involvement in the former representation, including the time spent by the attorney, the type of work performed and the attorney's possible exposure to formulation of policy or strategy. *H.F. Ahmanson & Co. v. Salomon Bros.*, 229 Cal. App. 3d 1445, 1455 (1991).

Courts recognize that "it is not within the power of the former client to prove what is in the mind of the attorney. Nor should the attorney have to 'engage in a subtle evaluation of the extent to which he acquired relevant information in the first representation and of the actual use of that knowledge and information in the subsequent representation." *Id.* at 1453. If the earlier representation bears a "substantial relationship" to the present litigation so as to create a at a least a potential breach of confidence, the inquiry ends and disqualification under Rule 3-310 is triggered. *See Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994).

In short, Plaintiff need only demonstrate that the matters on which Ms. Meter previously worked are "substantially related" to the current litigation in order for disqualification to occur. As will be demonstrated more fully below, the confidential information obtained by Ms. Meter during her prior representation of DMI INDIO is substantially related to the present action.

### C. The Ninth Circuit Presumes an Exchange of Confidential Information When There Is a Substantial Relationship Between the Prior and Current Matters

"If the former client can establish the existence of a substantial relationship between representations, the courts will conclusively presume the attorney possesses confidential information adverse to the former client." *H.F. Ahmanson & Co.*, 229 Cal. App. 3d at 1452; see also *Glob. Van Lines, Inc. v. Superior Court*, 144 Cal. App. 3d 483, 488 (1983). *Trone* also provides an example of the level of similarity sufficient to trigger disqualification. In *Trone*

6

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

{00340269.DOCX}

the court found that the following rather generic allegations were sufficient to disqualify an attorney:

> Among the numerous allegations in the complaint in this case are charges with respect to Westgate's [the prior client] purported borrowings for the benefit of others, the purchase and sale of assets by Westgate at other than a fair market value, and Westgate's alleged practice of borrowing at excessive interest rates to improve the financial condition of USNB and to finance self-dealing transactions.

*Trone,* 621 F.2d at 1000. Moreover, the *Trone* court gave no weight to evidence that the prior representation of the former client had lasted "but one month." *Id*. This one-month representation in connection with an unrelated stock offering was sufficient for the attorney to learn the prior clients' "policies, practices, and procedures," and the court disqualified the attorney and his firm. *Id*. at 998, 1001.

The California Supreme Court noted that clients have "an overwhelming interest in preserving the confidentiality of information they imparted to counsel during a prior representation." *Cobra Solutions,* 38 Cal. 4th at 851.

### D. Rule 3-310(E) and the Substantial Relationship Test Require Disqualification of Susan Meter

Under the substantial relationship test, Ms. Meter has a conflict of interest in representing a party adverse to Plaintiff in this case based on her prior representation of Plaintiff while working at Butterfield Schechter LLP. Ms. Meter personally performed over 50 hours of business-related work for DMI LLC and DMI INDIO, including drafting DMI INDIO's Operating Agreement, a document critical to the present litigation. Decl. Schechter ¶ 6. Ms. Meter also represented DMI INDIO just prior to the time VMG first commenced appraisal services that are the subject of the present lawsuit. Decl. Schechter ¶ 7. Ms. Meter currently works out of Gordon & Rees' Los Angeles office, the same office handling the instant matter on behalf of VMG. Decl. Schechter ¶ 8,

7

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

Exhibit A. Furthermore, there is no question that Ms. Meter was exposed to DMI INDIO's legal strategies while working alongside DMI INDIO in drafting the Operating Agreement and, more specifically, the language of the buyout provision in DMI INDIO's Operating Agreement. Such language and the communications regarding such language and the effect it will have on DMI INDIO's owners are critical to the instant lawsuit.

Based on the communications with VMG's counsel, Plaintiff anticipates Ms. Meter may argue that she does "not recall" working on the matter or that the amount of work she did was small. However, these arguments are misplaced. A substantial relationship does not depend upon the former attorney's recollection of the work performed and is not limited by the number of hours spent representing the former client. *I-Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co. V, L.L.C.*, 2005 U.S. Dist. LEXIS 45190, 2005 WL 757389, at *4 (2005) (entire firm automatically disqualified based on conflict generated by an attorney who had worked with one party previously, even though he only billed one-half hour to an on-going litigation before he moved to the new firm); *Elan Transdermal, Ltd. v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1388-89 (N.D. Cal. 1992) (the fact that attorneys billed only a short period of time did not preclude their work from being substantially related to the present litigation); *see also Rosenfeld Constr. Co.*, 235 Cal. App. 3d 566, 576 (1991) ("We find no authority that supports the notion that, standing alone, the present recollection of the members of the firm is an adequate criterion."). Instead, California courts focus on the "nature" of the work performed and "the attorney's possible exposure to formulation of policy or strategy.'" *Id*.

In short, Plaintiff's claims against Defendant are substantially related to the many hours of work that Ms. Meter performed on behalf of Plaintiff while working at Butterfield Schechter LLP. Thus, Ms. Meter has a conflict of interest and is disqualified from representing Defendant in this case.

8

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

### E.  California Law Mandates the Vicarious Disqualification of Gordon & Rees Scully Mansukhani, LLP

California has long recognized that the knowledge possessed by one member of a firm of lawyers is imputed to all the other members. *Id.* at 573. "The imputed knowledge theory holds that knowledge by any member of a law firm is knowledge by all of the attorneys in the firm, partners as well as associates." *Id*. (quoting *Chadwick v. Superior Court*, 106 Cal. App. 3d 108, 116 (1980).) In short, if an attorney possesses a former client's confidential information such that he or she is disqualified from representing a client with interests adverse to those of that former client, so too are each of the attorneys in the law firm for which that attorney works. As a result, Ms. Meter's disqualification is imputed to the Gordon & Rees firm.

Furthermore, automatic disqualification is mandatory even though Ms. Meter has not appeared in this case and whether or not Gordon & Rees claims to have properly screened Ms. Meter from this case by establishing an "ethical wall." In *Hitachi*, the court held that "[t]he established law in California rejects ethical walls." *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1164 (N.D. Cal. 2006). Even if ethical walls were permissible, disqualification is mandatory. Accordingly, any attempts to create or maintain an ethical wall would be insufficient and ineffective, and Gordon & Rees must be disqualified from representing Defendant in this matter.

/./././

/./././

/./././

/./././

/./././

/./././

/./././

9

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order disqualifying Ms. Meter and Gordon & Rees from representing a party adverse to Plaintiff in this matter.

Respectfully submitted,

DATED: December 14, 2017          BUTTERFIELD SCHECHTER LLP


                                  By: /s/Marc S. Schechter
                                      MARC S. SCHECHTER
                                      PAUL D. WOODARD
                                      Attorneys for Plaintiff
                                      DESERT MEDICAL IMAGING, INDIO. LLC

{00340269.DOCX}

10

Ps & As in Support of Plaintiff's Motion to Disqualify Def. VMG Health, LLC's Firm of Record Gordon Rees Scully Mansukhani, LLP

Case No. 5:17-cv-01835-JGB-SHKx